UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cv-143-FDW

| | |
|---|---|
| BRANDIS JORDAN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FNU DAVES, )<br>FNU MCNEMAR, )<br>)<br>Defendants. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). 28 U.S.C. § 1915(e)(2). Plaintiff has been granted in forma pauperis status. (Doc. No. 8).

### I. BACKGROUND

Pro se Plaintiff Brandis Jordan, a North Carolina inmate incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina, filed this action on September 6, 2018, pursuant to 42 U.S.C. § 1983. Plaintiff has named as Defendants FNU Daves and FNU McNemar, both identified as correctional officers at Alexander Correctional Institution at all relevant times. Plaintiff alleges that on July 13, 2018, at around 8 p.m., Defendants used excessive force against him when Plaintiff was coming out of the shower in full restraints by slamming him to the ground and then punching him, essentially "beat[ing] [him] up." Plaintiff also alleges that "other officers" then threw away some legal files and other documents that were in his cell. Plaintiff seeks compensatory damages, punitive damages, and injunctive relief.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Court finds that, taking Plaintiff's allegations as true for the purposes of initial review, and construing all inferences in Plaintiff's favor, this action survives initial screening as to Plaintiff's claim of excessive force against Defendants.

## IV. CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's allegations survive initial review. See 28 U.S.C. §§ 1915(e); 1915A.

2. This Court recently enacted Local Rule 4.3, which sets forth a procedure to waive service of process for current and former employees of the North Carolina Department of Public Safety ("NCDPS") in actions filed by North Carolina State prisoners. The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for Defendants FNU Daves and FNU McNemar, who are current or former employees of NCDPS.

Signed: February 11, 2019

Frank D. Whitney
Chief United States District Judge