# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## 5:18-cv-00143-FDW

| | |
|---|---|
| BRANDIS JORDAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| FNU DAVES, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on its own motion on Plaintiff's "Responds to the Court Order to Dismiss Defendants Daves, From This Action." [Doc. 37].

Pro se Plaintiff Brandis Jordan ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 on September 6, 2018. [Doc. 1]. The Plaintiff's allegations survived initial review on February 12, 2019. [Doc. 9]. After initial review, a waiver of service executed executed by Defendant McNemar was filed on April 15, 2019. On July 3, 2019, Plaintiff moved for entry of default and default judgment against Defendant Daves. [Doc. 17]. The Court denied these motions, noting that Defendant Daves had not yet been served with summons and complaint. [Doc. 25]. On July 8, 2019, the Court ordered the Marshal to use reasonable efforts to obtain service on Defendant Daves, whose last known address had been provided to the Court by the N.C. Department of Public Safety in a notice under seal. [Docs. 13, 18]. The summons for Defendant FNU Daves, however, was returned unexecuted on or around July 16, 2019 because Defendant Daves no longer lived at the last known address for him. [Doc. 20]. No subsequent efforts at effectuating service on Defendant Daves are reflected in the record in this matter. The deadline for discovery in this case

expired on January 2, 2020, and the dispositive motions deadline is February 1, 2020. [Doc. 31].

On December 9, 2019, this Court notified the Plaintiff that the Court would dismiss Defendant FNU Daves ("Defendant Daves") without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure if the Plaintiff failed, within 14 days of that Order, to show good cause for the failure to timely serve Defendant Daves. [Doc. 35].

Under Rule 4(m) of the Federal Rules of Civil Procedure:

> If a defendant is not served within 90 days after the complaint is filed, the court---on motion or on its own motion after notice to the plaintiff---must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). This Rule makes clear that the Court must extend the service period if the plaintiff can show "good cause" for the failure to serve. Brooks v. Johnson, 924 F.3d 104, 120 (4th Cir. 2019). "What constitutes 'good cause' for purposes of Rule 4(m) 'necessarily is determined on a case-by-case basis within the discretion of the district court." Collins v. Thornton, --- F. App'x ---, 2019 WL 3801449, at *1 (4th Cir. Aug. 13, 2019) (citations omitted). The service period in Rule 4(m) is tolled while the district court considers an *in forma pauperis* complaint. Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010).

Here, the Court concluded its initial review of Plaintiff's Complaint on February 12, 2019. [Doc. 9]. As such, Plaintiff had until May 13, 2019, to serve Defendant Daves. In response to the Court's show cause order, the Plaintiff states that he does not have access to Defendant Daves' address because Plaintiff is currently in prison. [Doc. 37]. Then, Plaintiff reiterates that Defendant Daves was involved in the attack that is the subject of Plaintiff's Complaint. [Id.]. Plaintiff, however, does not describe any efforts he has undertaken to locate Defendant Daves. Further, the record also shows that Plaintiff has been aware that Defendant Daves has not been served since on

2

or around July 22, 2019, at the latest. [Doc. 25].

As such, the Plaintiff has not shown good cause for his failure to timely serve Defendant Daves. Further, the Court declines to exercise its discretion to extend the time for service at this late stage of these proceedings. The Court will, therefore, dismiss Defendant Daves from this action.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant FNU Daves is hereby dismissed as a Defendant in this case without prejudice.

2. Plaintiff's Motion for Entry of Default [Doc. 34] is **DENIED** as moot.

Signed: January 14, 2020

Frank D. Whitney
Chief United States District Judge